SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Leon-Lara, | No. CV 14-1008-PHX-DGC (DKD) |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph M. Arpaio, | |
| Defendant. | |

On May 9, 2014, Plaintiff Juan Leon-Lara, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a September 11, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 1, 2014, Plaintiff filed his First Amended Complaint. In an October 29, 2014 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On November 19, 2014, Plaintiff filed a Second Amended Complaint (Doc. 9). The Court will dismiss the Second Amended Complaint and this action.

. . .

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.    Second Amended Complaint**

In his single-count Second Amended Complaint, Plaintiff names Maricopa County Sheriff Joseph M. Arpaio as Defendant. Plaintiff alleges the following:

> Approximately six months ago Sherriff Joe Arpaio served slop that I bit into at dinner. I heard a loud crack in my mouth. I quickly realized that my bottom front denture had cracked in half. After spitting out the slop from my mouth I realized that there was a large rock in the slop that came out of my mouth. After severe damage to my bottom dentures I saw the medical staff. They stated there was nothing they could do.

Plaintiff has been unable to eat properly for six months.

Plaintiff seeks monetary damages.

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff appears to be seeking relief for allegedly unconstitutional conditions of confinement. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment's Due Process Clause rather than from the Eighth Amendment's prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with "deliberate indifference." *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

. . .

1    "Deliberate indifference" is a higher standard than negligence or lack of ordinary
2    due care for the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835
3    (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test.
4    First, the alleged constitutional deprivation must objectively be "sufficiently serious";
5    that is, the official's act or omission must result in the denial of "the minimal civilized
6    measure of life's necessities." *Id.* at 834 (citations omitted). Second, the prison official
7    must have a "sufficiently culpable state of mind"; that is, "the official must be both aware
8    of facts from which the inference could be drawn that a substantial risk of serious harm
9    exists, <u>and</u> he must also draw that inference." *Id.* at 837 (emphasis added). Whether
10   conditions of confinement rise to the level of a constitutional violation may depend, in
11   part, on the duration of an inmate's exposure to those conditions. *Keenan v. Hall*, 83
12   F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87
13   (1978)). "The circumstances, nature, and duration of a deprivation of [] necessities must
14   be considered in determining whether a constitutional violation has occurred." *Hearns v.*
15   *Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726,
16   731 (9th Cir. 2000)).

17   With respect to meals, "[t]he Eighth [and Fourteenth] Amendment[s] require[]
18   only that prisoners receive food that is adequate to maintain health; it need not be tasty or
19   aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation
20   omitted); *see Frost*, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial
21   detainee's Fourteenth Amendment claims regarding his conditions of confinement). An
22   inmate may, however, state a claim where he alleges that he is served meals with
23   insufficient calories for long periods of time. *Id.*

24   Plaintiff's vague and conclusory allegation that Defendant Arpaio "served slop" is
25   not sufficient to establish deliberate indifference by Arpaio. Plaintiff does not allege that
26   Arpaio was aware that a substantial risk of harm existed and failed to act. Moreover,
27   "[t]he fact that the food occasionally contains foreign objects or sometimes is served
28

cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire*, 12 F.3d at 1456 (citations omitted).  Accordingly, Plaintiff's claim will be dismissed.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 9) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 25th day of November, 2014.

_____
David G. Campbell
United States District Judge